UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation; and the PEOPLE OF THE STATE OF CALIFORNIA, by and through Dennis J. Herrera, City Attorney for the City and County of San Francisco,<br><br>  Plaintiff and Cross-Defendant,<br><br>  v.<br><br>KELLY ANN DOMINGUEZ JOHNSTON,<br><br>  Defendant and Cross-Plaintiff. | Case No.  25-cv-03518-SK<br><br>**NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JULY 21, 2025, AT 9:30 A.M. The Court intends to address the questions below at the hearing. The Court advises the parties that it will not accept written answers to these questions.

The parties shall be prepared to address the following questions at the hearing:

(1) *This question is directed to Defendant and Cross-Plaintiff Kelly Ann Dominguez Johnston*: Each counter-claim includes a citation under the California Constitution, as well as a citation to 42 U.S.C. § 1983. Is the Court to construe the cross-complaint as bringing eight (rather than four) claims? For example, the first claim specifies "Cal. Const. Art. I, § 9/42 U.S.C. § 1983." Is Dominguez Johnston bringing a single claim under Article I, section 9 of the California Constitution pursuant to 42 U.S.C. § 1983? Or is Dominguez Johnston bringing (1) an inverse condemnation claim under Article I, section 9 of the California Constitution, and (2) a claim under the Fifth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983?

(2) *This question is directed to Defendant and Cross-Plaintiff Kelly Ann Dominguez Johnston:* Dominguez Johnston seems to allege several injuries in her Cross-Complaint: (1) implementing alienability restrictions that prevented her property from selling, (2) making false promises that lured her into the Below Market Rate program, and (3) erroneously concluding that she violated rules and threatening her with high fines and penalties. (Dkt. No. 1-5 (Ex. 5).) Dominguez Johnston asserts that her false promises allegations are "not the basis for [her] constitutional claims" and does not discuss whether her claims arise out of the investigation and prosecution by the City and County of San Francisco. (Dkt. No. 12, p. 10 (internal citation omitted).) Is the Court to understand that these claims arise solely out of the alienability restrictions, and that the other allegations are provided as background?

(3) *This question is directed to both parties:* How does this case fit within the framework set by the Ninth Circuit in *Bird v. Department of Human Services* 935 F.3d 738, 743 (9th Cir. 2019) and *Flynt v. Shimazu*, 940 F.3d 457 (9th Cir. 2019)?

(4) *This question is directed to both parties:* In *California Ass'n for Pres. of Gamefowl v. Stanislaus Cnty.*, No. 120CV01294ADASAB, 2023 WL 1869010, at *8 (E.D. Cal. Feb. 9, 2023), the court held that *Flynt*'s holding applied only to a facial challenge to the dormant commerce clause. Is there legal authority supporting the position that *Flynt* applies to an as-applied challenge for the takings, due process, and equal protections claims?

(5) *This question is directed to Defendant and Cross-Plaintiff Dominguez Johnston:* If the Court were to grant the motion to dismiss by the City and County of San Francisco, how would Dominguez Johnston propose to amend her claims?

**IT IS SO ORDERED**.

Dated: July 3, 2025

_____
SALLIE KIM
United States Magistrate Judge

2