1  Gregory J. Wood (200780)
   Aimee G. Lane (228855)
2  WOOD LITIGATION, APC
   235 Montgomery Street, Suite 415
3  San Francisco, California 94104
   Telephone: (415) 247-7900
4  gwood@woodlitigation.com
   alane@woodlitigation.com
5
   Attorney for Defendant and Cross-Complainant,
6  KELLY ANN DOMINGUEZ JOHNSTON

7

8                   UNITED STATE DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11 | CITY AND COUNTY OF SAN FRANCISCO,        | Case No.: 3:25-cv-03518-SK
   | a Municipal Corporation; and the PEOPLE OF|
12 | THE STATE OF CALIFORNIA, by and           |
   | through David Chiu, City Attorney for the City | **KELLY ANN DOMINGUEZ
13 | and County of San Francisco,              | JOHNSTON'S FIRST AMENDED
                                                 CROSS-COMPLAINT**
14           Plaintiffs,

15       v.

16 KELLY ANN DOMINGUEZ JOHNSTON, an
   individual, and DOE ONE through DOE TEN,
17
             Defendants.
18

19 KELLY ANN DOMINGUEZ JOHNSTON, an
   individual,
20
             Cross-Complainant,
21
         v.
22

23 MAYOR'S OFFICE OF HOUSING AND
   COMMUNITY DEVELOPMENT, a City and
24 County of San Francisco organization, and    Complaint Filed:   May 16, 2024
   ROES ONE through ROES TEN,                   Trial Date:        TBD
25
             Cross-Defendants.
26

27

28

---

**KELLY ANN DOMINGUEZ JOHNSTON'S FIRST AMENDED CROSS-COMPLAINT,
CASE NO. 3:25-cv-03518-SK**

Defendant and Cross-Complainant KELLY ANN DOMINGUEZ JOHNSTON ("Johnston") alleges:

## INTRODUCTION

This is an action in inverse condemnation by which Johnston seeks payment of just compensation for the taking or damaging of her real property as a result of conduct of Plaintiff and Cross-Defendant Mayor's Office of Housing and Community Development ("MOHCD") in the administration of its Inclusionary Housing Program ("Program") with respect to its imposition and enforcement of restrains on her use and enjoyment of a "Below Market Rate Unit" ("BMR Unit") purchased through the Program.

MOHCD publicizes and induces vulnerable first-time homebuyers to participate in its BMR program as a means of achieving homeownership in San Francisco. Although the concept of the program is laudable – ostensibly offering homebuyers an affordable entry point into an otherwise economically exclusionary San Francisco housing market – the means by which the program is purported to be subsidized, in practical application, strip away fundamental characteristics of "ownership" of real property, saddling individuals like Johnson with excessive burdens of ownership, without the commensurate benefits that any reasonable purchaser of real property would expect.

Johnson was unknowledgeable at the time she purchased her BMR Unit that she would be subjected to the degree of restraint on her use and enjoyment of her property that she has been subjected to. MOHCD's Program administration has interfered with Johnson's reasonable investment-back expectations in her purchase and continued ownership of her property. She has, and continues to, suffer financial loss month after month on her BMR Unit. She has been investigated, threatened with high fines and penalties, and sued by MOHCD for actions or inactions alleged to violate regulations restraining rental of her BMR Unit. Contrary to MOHCD's allegations, Johnson has never received any payment from any tenant or from rental of her BMR Unit. The Program, as interpreted and applied to Johnson, including, but not limited to, the nature and extent of MOHCD's investigation and its coercive regulatory enforcement tactics, have effected a taking or damaging of Johnson's ownership rights. The Fifth Amendment

of the United States Constitution requires the payment of just compensation for such a taking or damaging.

**THE PARTIES**

1. Johnson is an individual living in the City and County of San Francisco.

2. MOHCD is a government agency within the City and County of San Francisco.

3. The true names and capacities of ROES 1 through 50, inclusive, are unknown to Johnson who sues such cross-defendants by use of such fictitious names. Johnson will amend this complaint to add the true names when they are ascertained. Johnson is informed and believe, and thereon alleges, that each of the fictitiously named cross-defendants is legally responsible for the occurrences herein alleged, and that Johnson's damages as herein alleged were proximately caused by their conduct. The named MOHCD and ROE cross-defendants are collectively referred to herein simply as "MOHCD" or "Cross-Defendants."

4. Johnson is informed and believe and thereon alleges, that at all times herein mentioned, Cross-Defendants, and each of them, were the agents and/or employees of each of the remaining Cross-Defendants, and in doing the things herein alleged, were acting within the course and scope of said agency and/or employment, in that the actions of each of the Cross-Defendants as herein alleged were authorized, approved, and/or ratified by each of the other Cross-Defendants as principals and/or employers.

**GENERAL ALLEGATIONS**

5. As alleged in the City and County of San Francisco ("City")'s Complaint, Johnson purchased her condominium unit located at 400 Grove Street, Unit 100, ("Grove Street Property" or "Property") as a below market rate condominium unit in October 2015.

6. In September 2020, Johnson initiated efforts to sell the Grove Street Property.

7. Johnson contacted a real estate agent, signed a listing agreement and ordered the usual pre-sale disclosures that one orders when they intend to sell their home. Johnson and her agent then contacted MOHCD to engage in the process of setting a listing price for the Property.

8. After a protracted period of communications with MOHCD, through October 2020, in or about late November or early December 2020, a listing went live at MOHCD's

dictated price. On or about December 19, 2020, a lottery yielded seven applicants for the Property. But based on the price and restrictions on prospective buyers' return on investment, by January 7, 2021, all seven applicants withdrew their applications. In February 2021, the unit was made available to all BMR candidates, not just the December lottery candidates, but again at MOHCD's dictated price, and because of the price and restrictions on buyers' return on investment, there was, again, no interest in the unit from the larger BMR marketplace. In July 2021, MOHCD reduced the price, and the unit still did not sell. By August 2021, Johnson gave up, took the Property off the market and continued paying the mortgage.

9. Adherence to MOHCD's requirements with respect to pricing and process for sale though the lottery process pursuant to the Program yielded a failed effort to sell.

10. Johnson now remains subject to requirements that she reside at the property and treat it as her primary residence.

11. Beyond the imposition on Johnson's very liberty to live where she chooses at the risk of incurring significant financial penalties, MOHCD further pursued an unwarranted investigation and erroneously determined that Johnson has violated BMR rental regulations by illegally renting the unit.

12. In fact, Johnson has never received rental income from the Grove Street Property, at any time. Johnson is informed and believes that her soon-to-be former husband allowed someone to live in the unit, and that, unbeknownst to Johnson, the person paid rent to her husband. But rather than pursue penalties against her husband, the City has attempted to hold her responsible for the conduct.

## FIRST CAUSE OF ACTION

**(Taking and/or Damaging – U.S. Const. Amend. V; 42 U.S.C. §1983)**

13. Cross-Complainant re-alleges and incorporates herein the allegations contained in paragraphs 1 through 16, *supra*.

14. The Fifth Amendment to the Constitution of the United States includes the takings clause: "Nor shall private property be taken for public use, without just compensation."

15. MOHCD has effected a taking of Johnson's property in violation of the Fifth

4

Amendment under the principles established in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978) and/or *Lucas v. South Carolina Coastal Council* (1992) 505 U.S. 1003.

16. The economic impact of MOHCD's actions on the value of Cross-Complainant's property is severe, and MOHCD has made it impossible for Johnson to make any economic or beneficial use of the Grove Street Property. MOHCD has clearly interfered with Johnson's reasonable investment-backed expectations as they relate to use and enjoyment of the property and has gone too far in the interpretation and implementation of its regulations to deprive Johnson of fundamental rights attendant to traditional understanding of ownership of real property. Johnson understood that despite purchasing the Grove Street Property with certain restrictions on use, that she would in fact "own" the property – the promise of the Program. Her reasonable understanding of the Program and how it would operate did not include any knowing waiver of rights of ownership or her constitutional entitlement to be paid just compensation for a subsequent taking or damaging of her property interests by MOHCD's unduly oppressive interpretation and implementation of the Program.

17. The impact of MOHCD's interference is not merely economic. The fundamental characteristics of property ownership encompass rights to possess, exclude others, use and enjoy, and dispose of or transfer for value. The right to maintain this collective "bundle of sticks" is a constitutionally protected interest, and MOHCD's regulation in this instance has stripped away so much of the bundle as to warrant payment of just compensation.

18. Particularly, with the specter of the pending suit against her, it is inconceivable that Johnson should be compelled, without payment of just compensation, to retain the burden of holding title to the Property, be compelled, through threat of economic penalty, to reside in the Grove Street Property, and to be foreclosed from generating an economic return through the rental of the Property to cover the costs of ownership.

19. MOHCD's actions have clearly deprived Johnson of her constitutional rights under the Fifth Amendment's takings clause, in violation of 42 U.S.C. §1983. She is accordingly entitled to recover just compensation and to recover attorney's fees and additional expenses

under 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

**(Substantive Due Process)**

**(42 U.S.C. § 1983)**

20. Cross-Complainant re-alleges and incorporates herein the allegations contained in paragraphs 1 through 19, *supra*.

21. The Fourteenth Amendment to the Constitution of the United States guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law." The due process clause includes a substantive component that guards against arbitrary, capricious, malicious, abusive, or irrational government action.

22. Johnson has a constitutionally protected property interest in making legitimate use of the Grove Street Property, to choose whether to occupy the Property or not, to transfer the property, and to otherwise exercise all traditional rights of ownership of her real property.

23. MOHCD has deprived Johnson of her substantive due process rights by imposing regulations that in collective effect have transformed Johnson's position from that of a property owner to one of an indentured servant to MOHCD – forcing her without compensation to fulfill the roles of occupant, manager, and bankroller for the Inclusionary Housing Program.

24. As a result of MOHCD's actions, Johnson has and continues to suffer damages. She is entitled to recover those damages.

## PRAYER

Wherefore, Johnson prays for judgment against MOHCD as follows:

1. For just compensation and other monetary damages in an amount according to proof, with interest thereon from the date of the taking or damaging pursuant to the Fifth Amendment to the United States Constitution, pursuant to 42 U.S.C. §1983;

2. For litigation expenses, including, but not limited to, reasonable attorney's fees and expert fees pursuant to 42 U.S.C. §§ 1983 and 1988, and any other applicable statutory provision;

3. For costs of suit; and ;

4. For such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Cross-Complainant hereby demands trial by jury to the full extent permitted by law.

Dated: August 22, 2025

Respectfully submitted,
WOOD LITIGATION, APC

By: _____
Gregory J. Wood
Aimee G. Lane
Attorneys for Defendant and Cross-Complainant KELLY ANN DOMINGUEZ JOHNSTON