DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
WADE CHOW, SBN 168527
Chief Attorney
Neighborhood and Resident Safety Division
HUNTER W. SIMS III, SBN 266039
Deputy City Attorneys
Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5406
Telephone:    (415) 554-4259 (Sims)
Facsimile:    (415) 437-4644
E-Mail:       hunter.sims@sfcityatty.org

Attorneys for Plaintiffs and Cross-Defendants
CITY AND COUNTY OF SAN FRANCISCO
(Erroneously sued as MAYOR'S OFFICE OF
HOUSING AND COMMUNITY DEVELOPMENT[1])
and PEOPLE OF THE STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation; and the PEOPLE OF THE STATE OF CALIFORNIA, by and through Dennis J. Herrera, City Attorney for the City and County of San Francisco,<br><br>Plaintiffs,<br><br>vs.<br><br>KELLY ANN DOMINGUEZ JOHNSTON<br><br>Defendants.<br><br>KELLY ANN DOMINGUEZ JOHNSTON, an individual, | Case No. 3:25-cv-03518 SK<br><br>**PLAINTIFFS AND CROSS-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date:      October 6, 2025<br>Hearing Judge:   Hon. Sallie Kim<br>Time:                   9:30 a.m.<br>Place:                  450 Golden Gate Avenue<br>                            Courtroom C, 15th Floor<br>                            San Francisco, California<br><br>Date Action Filed:   September 20, 2018<br>Trial Date:               Not set |

---

[1] The Mayor's Office of Housing and Community Development is a department of the City and County of San Francisco. This department is not a properly joined defendant because it does not have power to sue or be sued, and is not an independent public corporation. (See *Bauer v. County of Ventura* (1955) 45 Cal.2d 276, 288-289; *compare* Gov. Code, §§ 23000, 23004, subd. (a).)

1

1  Cross-Complainant,

2  v.

3  MAYOR'S OFFICE OF HOUSING AND
   COMMUNITY DEVELOPMENT, a City and
4  County of San Francisco organization, and
   ROES ONE through ROES TEN,

5  Cross-Defendants.

# NOTICE OF MOTION AND MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**TO THE COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2025, at 9:30 a.m., or as soon thereafter as this matter may be heard before the Honorable Sallie Kim, United States District Court, San Francisco, California, Plaintiff and Cross-Defendant City and County of San Francisco ("City") will, and hereby does, move the Court for an order to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Defendant and Cross-Complainant Kelly Anne Dominguez Johnston's ("Defendant") claims against the City should be dismissed. Generally, Defendant's First Amended Complaint ("FAC") largely repeats the same allegations the Court has already dismissed as time-barred. Therefore, any claims based on the alienability of Defendant's property should be dismissed.

Specifically, the Court's prior order allowed Defendant leave to allege additional facts supporting her allegation that the City's enforcement of the terms of her agreement caused her harm. Defendant has failed to do so. Even if she had included the additional facts promised at oral argument on the first Motion to Dismiss, which she did not, claims based on her enforcement theory should be dismissed. The FAC does not state facts establishing City liability under *Monell*. Further, the FAC contains few facts supporting Defendant's enforcement theory and, as such, fail to state a claim.

This motion is based on this Notice of Motion and Motion to Dismiss and Memorandum of Points and Authorities filed herewith, the concurrently filed Request for Judicial Notice, the file in this case, the argument of counsel at the hearing, and any such further matters as the Court deems appropriate.

Date: September 8, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WADE CHOW
Chief Attorney
Neighborhood and Resident Safety Division
HUNTER SIMS
Deputy City Attorneys

By: /s/ *Hunter W. Sims III*
HUNTER W. SIMS III
Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Defendant Kelly Anne Dominguez Johnston's ("Defendant") filed a First Amended Cross-Complaint ("FAC") re-iterating the same alienability claims that this Court already dismissed with prejudice. This is in direct violation of the Court's order. While this Court granted Defendant leave to amend her enforcement claim that the City unfairly prosecuted her for illegally renting out her Below Market Rate ("BMR") unit, Defendant has not added any additional factual allegations that establish a claim. This claim should now also be dismissed with prejudice.

This case involves Defendant's abuse of the City and County of San Francisco's ("City") Residential Inclusionary Affordable Housing Program ("Program"). The Program requires developers of residential properties containing ten or more apartments to set aside a certain number of units to be sold to low-income households for below market rates ("BMR"). Low-income households who purchase a property through the Program agree to abide by restrictions and conditions on their use of the units, including requirements that the owner use it as a primary residence and not rent out the property.

Defendant purchased a BMR property, located at 400 Grove St., Unit 101, San Francisco, California. Defendant was able to purchase her BMR unit with financial assistance from the City. Thereafter, the City investigated Defendant's use of the property and found that she was not residing in her apartment and was renting it to tenants. The City sued in San Francisco Superior Court alleging Defendant's failure to abide by the terms of her agreement with the City related to her BMR property constitutes violations of the San Francisco Planning Code and California's Unfair Competition Law. Defendant responded with a cross-complaint alleging the agreement she signed with the City violates her rights to substantive due process, procedural due process, equal protection and constitutes a constitutional taking.

The City moves to dismiss each of the claims contained in Defendant's FAC. Defendant was permitted leave by this Court to filed an amended complaint to include facts supporting her claim that the City made erroneous conclusions based its investigation into her use of her BMR unit. Defendant failed to include any new or different facts to support that claim. Instead, Defendant repeated the same

allegations that were dismissed with prejudice supporting her claim that City restrictions prevented her from reselling her BMR unit. The Court has already found those claims are time-barred and should be dismissed again.

What is left in the FAC are sparse allegations that are not supported by law. The City is immune from Defendant's enforcement claims and, even if it is not, her claims arise out of contract and her remedy is a breach of contract action. Further, there are legitimate reasons for the City's BMR program. For these reasons, the City seeks an order dismissing Defendant's FAC.

## STATEMENT OF FACTS

### I. THE CONTRACT BETWEEN THE CITY AND DEFENDANT

It is well known that California is suffering from a lack of low-income housing. The City implemented a Residential Inclusionary Affordable Housing Program, codified at S.F. Planning Code Section 415, in an effort to combat the housing crisis. Compl. at ¶ 14. Under the Program, developers of new residential buildings containing ten or more units must set aside a certain number of units for low-income households. These units are commonly referred to as "BMR" units. S.F. Plan. Code § 415.

Defendant applied and was selected to participate in the Program on October 26, 2015. Compl. at ¶ 18. Defendant agreed to abide by the restrictions and conditions placed on her use of the BMR unit, including the requirement that she reside at the property, use the property as a primary residence, and not rent out the property without the express permission of the City. Compl. at ¶¶ 18–26, Exs. 2–4.

In addition to the use restrictions, the contract outlines the process of reselling the unit. There are four criteria that determine the resale price of a BMR unit under the Program: "(1) The price that the BMR Owner paid for the BMR Unit upon Close of Escrow ('Base Price') adjusted only by the percentage change in AMI (up or down) from the year of purchase to the year of the BMR Unit resale pricing (the 'Change in AMI Formula'); (2) The cost of eligible capital improvements completed in compliance with Section II (F) of this Manual; (3) The cost of Special Assessments paid by the BMR Owner; plus (4) The cost of using a Certified Realtor and Multiple Listing Service, up to 5% of the Base Price, which is before the addition of capital improvements, special assessments and realtor commission." Compl. at 60-61 (Ex. 3, "Pricing Methodology for BMR Units upon Resale"). Defendant was cautioned that there was no guarantee that a until will sell at the price determined by

the formula outlined in the contract and that lowering the sale price is a possibility. *Id.* Specifically, the contract made no guarantees that the property will resell at the original purchase price. *Id.*

**II.   THE CITY'S LAWSUIT, DEFENDANT'S CROSS-COMPLAINT AND THE COURT'S ORDER GRANTING THE CITY'S MOTION TO DISMISS**

Defendant failed to honor her agreement to abide by the terms of the Program. The City alleges Defendant failed to reside at her BMR unit and leased the property to a third-party. Compl. at ¶¶ 25-26. As such, the City seeks penalties under the Unfair Competition Law and the San Francisco Planning Code.

Defendant filed a cross complaint against the City on March 21, 2025 alleging four constitutional violations. *See generally* Def.'s Cross-Complaint. The City removed the case to this Court on April 22, 2025 and filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Docket Nos. 1, 6.

The Court heard oral argument on the City's Motion on July 21, 2025. Docket No. 16. Thereafter, the Court issued a written order granting the City's Motion. Docket No. 17. In its order, the Court viewed Defendant's cross-complaint as alleging two theories of liability against the City: 1) an alienability theory based on restrictions on Defendant's ability to selling her BMR unit and 2) an enforcement theory based on allegations that the City erroneously initiated an investigation into Defendant's unlawful use of the Property. Order at 4:16-19. The City argued that Defendant's claims were time-barred, failed to state a claim under *Monell*, failed to state a claim under any Constitutional amendment and was immune from the state law claims. *Id.* at 4:20-23.

The Court granted the City's Motion. Docket No. 17. The Court found that Defendant's alienability theory was not subject to the continuing violation doctrine and was thus time-barred. Order at 8:1-6. The alienability claims were dismissed with prejudice.[2] *Id.* With respect to Defendant's enforcement theory claims, the Court ruled that the complaint was "fatally vague as to how the Enforcement Injury–the City's investigation and enforcement action against Johnston–violated Johnston's rights." Order at 8:14-15. The Court allowed Defendant to amend those claims based on

---

[2] The Court denied without prejudice the City's position that Defendant's enforcement theory was time-barred. Order at 8:7-12.

representations from counsel that Defendant could add additional facts to support her Enforcement Injury. Therefore, that claim was dismissed with leave to amend.

### III. PLAINTIFF'S FAC

Defendant filed her FAC on August 22, 2025. Docket No. 18 ("FAC"). The FAC contains two causes of action: 1) for a Constitutional Taking in violation of the 5th Amendment and 2) violation of Substantive Due Process under the 14th Amendment. FAC at 5-6. In support of the two causes of action, Defendant alleges that she attempted to sell the Property beginning in September 2020 but abandoned her effort to sell because the City dictated "price and restrictions on buyers' return on investment [and] there was … no interest in the unit from the larger BMR marketplace." FAC at ¶ 6-8.

In addition to repeating the alienability allegations, Defendant alleges that "she has been investigated, threatened with high fines and penalties, and sued by [the City] for actions or inactions alleged to violate regulations restraining rental of her BMR unit. FAC at 2: 22-24. The FAC also contains allegations that the City "pursued an unwarranted investigation and erroneously determined that Johnson has violated BMR rental regulations by illegally renting the unit."[3] FAC at 4:14-16. Defendant then bolsters the results of the City's investigation by admitting the Property was illegally rented, but excuses her breach because she did not personally profit from the illegal rental. FAC at ¶ 12.[4] Notably, Defendant does not include any of her enforcement claims in her two causes of action. FAC at ¶¶ 13-24. Both causes of action focus exclusively on her alienability allegations. *Id*. It appears Defendant has abandoned her enforcement claims and instead focused exclusively on her alienability claims that have already been dismissed with prejudice. Order at 8:1-6.

### LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a complaint be dismissed if it fails to "state a claim upon which relief may be granted." A claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has

---

[3] The quoted portion is virtually identical to the allegations contained in Defendant's original cross complaint. *See* Def.'s Cross-Complaint at 4:23-25.

[4] This too is found in Defendant's original cross complaint. *See* Def.'s Cross-Complaint at ¶13.

"facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss, a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

When, as here, the court evaluates an amended complaint, "'[t]he court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense…'" *McKenna v. WhisperText*, No. 5:14-cv-00424-PSG, 2015 WL 5264750 at *3 (N.D. Cal. Sept. 9, 2015) (citing *Cole v. Sunnyvale*, No. C–08–05017–RMW, 2010 WL 532428 at *4 (N.D.Cal. Feb. 9, 2010)). A court should "not ignore the prior allegations in determining the plausibility of the current pleadings," and may "in light of the prior allegations… [demand] more factual support…" *Stanislaus Food Products Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075-76 (E.D. Cal. 2011); *see Cole*, 2010 WL 532428 at *5.

## ARGUMENT

### I. DEFENDANT'S ALIENABILITY ALLEGATIONS VIOLATE THE COURT'S ORDER AND ARE TIME-BARRED

The Court's order on the City's Motion to Dismiss was clear that all claims based on "implementing restrictions that prevented the BMR unit from selling" were dismissed with prejudice because Defendant "cannot cure the fact that her claims are time-barred through amendment." Order at 4:16-17; 8:4-5. The Court went a step further to caution Defendant to not "bring claims that are clearly not supported by the law." Order at 9:8-9. Despite the Court's unambiguous instruction, the majority

of the factual allegations contained in the FAC, and all of the allegations in support of the two causes of action, are based on the same restrictions the Court has already dismissed as time-barred.

To the extent the Court views the FAC as containing new alienability allegations that are allowable under the prior order, the new allegations are still time-barred. A section 1983 claim accrues when the claimant "knows or has reason to know of the injury which is the basis of the action," and there is a two-year statute of limitations. *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). The Court has already found that her alienability "claims accrued at the latest in August 2021." Order at 8:3. Defendant's claims have been time-barred for years.

The Court has already rejected Defendant's position that her claims are subject to the continuing violation doctrine. This is because a "continuing effect is insufficient to constitute a continuing violation" and the FAC does not contain allegations of injury within the statute of limitations. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019). Accordingly, any theory in the FAC that is based on Defendant's alienability theory should be dismissed with prejudice.

## II. DEFENDANT'S ENFORCEMENT INJURY CLAIMS FAIL AS A MATTER OF LAW

There is little in the FAC supporting Defendant's enforcement injury claims. As is stated above, the FAC simply restates most of the allegations contained in Defendant's original Cross-Complaint. Defendant again alleges the City "further pursued an unwarranted investigation and erroneously determined that Johnson has violated BMR rental regulations by illegally renting the unit." FAC at 4:14-16. The enforcement allegations in the FAC suffer from the same fatal flaws as Defendant's original complaint. Order at 8-9. Namely, Defendant cannot show damages until the conclusion of the alleged unlawful enforcement efforts. Since Defendant has provided the Court with no new facts in the FAC that would put the City on notice of the grounds of her claim, even after given another opportunity to do so, Defendant's FAC should be dismissed with prejudice.

### A.     Defendant Cannot State a *Monell* Claim

Defendant alleges that the City's enforcement of the terms of contract at issue here constitutes a Constructional Taking and violates her Substantive Due Process rights. The FAC fails to state a claim under *Monell*.

The City is not directly liable under section 1983 for constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A municipality may be liable under section 1983 under four possible theories: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). "A municipality may not, however, be sued under a *respondeat superior* theory." *Id.* at 603. Plaintiff must allege "deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997); *see also Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (to make a *Monell* showing, a party "must show both causation-in-fact and proximate causation"). "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Brown*, 520 U.S. at 415.

Defendant has not advanced any of the four *Monell* theories of liability against the City. However, even if Defendant had identified a theory of liability against the City, she has not alleged facts sufficient to state any constitutional claims under which the City could be liable. "[W]hen a municipality acts in a contractual or proprietary capacity, actions such as contract termination or detention of property under the contract that would constitute a simple breach of contract when a non-governmental entity is involved do not become a constitutional violation simply because the contracting party is a municipality." *Massó-Torrellas v. Mun. of Toa Alta*, 845 F.3d 461, 468 (1st Cir. 2017); *see also Preston Hollow Cap., LLC v. Cottonwood Dev. Corp.*, 23 F.4th 550, (5th Cir. 2022) (agreeing with *Massó-Torrellas*). Finally, Defendant failed to plead sufficient facts to state a *Monell* claim because she has not made a showing of "both causation-in-fact and proximate causation." *See Gravelet-Blondin*, 728 F.3d at 1096.

**B.    Defendant's Constitutional Takings Claim Fails**

Defendant's Constitutional Takings claims the City "has gone too far in the interpretation and implementation of its regulations" as support that this lawsuit constitutes a Constitutional taking. (FAC at 5:8. This claim should be dismissed with prejudice.

First, as is argued in the City's first Motion to Dismiss, to state a claim for a constitutional taking or inverse condemnation, a "property owner must show there was an invasion or appropriation

(a 'taking' or 'damaging') of some valuable property right which the property owner possesses by a public entity, and the invasion or appropriation directly and specially affected the property owner to his injury." *Beaty v. Imperial Irrigation Dist.*, 186 Cal.App.3d 897, 903 (1986). "Compensation need not be paid unless the ordinance or regulation fails to serve an important governmental purpose or 'goes too far' as applied to the specific property that is the object of the litigation." *Hensler v. City of Glendale*, 8 Cal.4th 1, 12 (1994) (citing *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393 (1922)).

Here, the Program serves the important government purpose of meeting the housing needs of lower and middle-income San Franciscans. San Francisco Planning Code Section 415.1 states: "Affordable housing is a paramount statewide concern" and "[l]ocal and state governments have a responsibility to use the powers vested in them to facilitate the improvement and development of housing to make adequate provision for the housing needs of all economic segments of the community." San Francisco Planning Code Section 415 states: "The Planning Department and MOHCD shall periodically publish a Procedures Manual containing procedures for monitoring and enforcement of the policies and procedures for implementation of this Program" and the manual "in effect at the time of initial purchase or initial rental of an Affordable Unit shall govern the regulation of that unit." The manual sets maximum resale pricing (Compl. Ex. 3 at p. 26) all in pursuit of "providing housing options to Low-income, Median-income and Moderate-income Households in San Francisco in order to maintain income and cultural diversity in San Francisco" *Id*. at p. 1.

Second, Defendant again alleges that the contract terms amounts to a taking because the City has "interfered with Johnson's reasonable investment-backed expectations" and "has gone too far in the interpretation and implementation of its regulations" such that it amounts to a constitutional taking. FAC at ¶ 16. Defendant attempts to constitutionalize terms that she voluntarily entered into in exchange for enforcement of the favorable terms that led to Defendant's purchase of her Property. "There is no reason to impose extracontractual liability for breach, simply because the breaching party is a governmental entity. To say that a breach of contract or lease implicates the Fifth Amendment to the United States Constitution or article I, section 19 of the California Constitution, stretches the meaning of those provisions well beyond reason." *Cnty. of Ventura v. Channel Islands Marina, Inc.*, 159 Cal. App. 4th 615, 768–69 (2008).

Here, Defendant's rights are proscribed by contract. Compl. at Exs. 2–4. Accordingly, Defendant can have no cause of action for inverse condemnation where her property interests arise from her contract with the City, and the Court should dismiss this claim without leave to amend.

### C. Defendant's Substantive Due Process Claim Fails

The City is mandated to develop affordable housing to meet community needs, and the City's BMR Program is rationally related to that need, thus defeating a substantive due process claim. When a plaintiff challenges economic legislation on substantive due process grounds, courts afford "great deference to the judgment of the legislature." *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 690 (9th Cir. 1993). "Ordinances survive a substantive due process challenge if they were *designed to* accomplish an objective within the government's police power, and if a rational relationship existed between the provisions and purpose of the ordinances." *Id.* (internal citations omitted). While due process protects against governmental arbitrariness, such arbitrary actions must "[shock] the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998).

Here, the City's Program serves the important government purpose of meeting the housing needs of lower and middle-income San Franciscans. San Francisco Planning Code Section 415.1 states: "Affordable housing is a paramount statewide concern" and "[l]ocal and state governments have a responsibility to use the powers vested in them to facilitate the improvement and development of housing to make adequate provision for the housing needs of all economic segments of the community." San Francisco Planning Code Section 415 states: "The Planning Department and MOHCD shall periodically publish a Procedures Manual containing procedures for monitoring and enforcement of the policies and procedures for implementation of this Program" and the manual "in effect at the time of initial purchase or initial rental of an Affordable Unit shall govern the regulation of that unit…" The manual sets maximum resale pricing Compl., Ex. 3 at 26. all in pursuit of "provid[ing] housing options to Low-income, Median-income and Moderate-income Households in San Francisco in order to maintain income and cultural diversity in San Francisco." *Id*. at Ex. 3 at1.

Even Defendant admits there is a rational basis for the BMR Program: Defendant alleges that the "concept of the program is laudable – ostensibly offering homebuyers an affordable entry point into an otherwise economically exclusionary San Francisco housing market." FAC at 2:11-13. Lastly,

Defendant admits her property was illegally rented. FAC at ¶¶ 11, 12. Prosecution for admitted illegal use of the unit is hardly an abuse of power that shocks the conscience.

The City's BMR Program is a legitimate exercise of its police power, designed to meet the housing needs of lower and middle-income San Franciscans. Specific to the enforcement injury allegations, there is nothing in the FAC that even mentions the City's enforcement efforts in this case, aside from generally realleging prior allegations, much less how those efforts violate Defendant's substantive due process rights. As such, Defendant's substantive due process cause of action should be dismissed with prejudice.

## CONCLUSION

The City requests the Court grant the motion dismiss for the above-stated reasons.

Date:  September 8, 2025

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WADE CHOW
Chief Attorney
Neighborhood and Resident Safety Division
HUNTER SIMS
Deputy City Attorneys

By: /s/ *Hunter W. Sims III*
HUNTER W. SIMS III
Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

# CERTIFICATE OF SERVICE

I, CHRISTINE HOANG, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Division by using the appellate CM/ECF system on September 8, 2025.

**PLAINTIFFS AND CROSS-DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed September 8, 2025, at San Francisco, California.

                                                              */s/  CHRISTINE HOANG*
                                                                CHRISTINE HOANG