UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY ANN DOMINGUEZ,<br><br>    Defendant. | Case No. 25-cv-03518-SK<br><br>**NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 10, 2025, AT 9:30 A.M. The Court intends to address the questions below at the hearing. The Court advises the parties that it will not accept written answers to these questions.

The parties shall be prepared to address the following questions at the hearing:

(1) *This question is directed to Defendant and Cross-Complainant Kelly Ann Dominguez Johnston ("Johnston")*: What "enforcement" is being challenged? Is it (1) the initiation of the City's lawsuit against Johnston, (2) the imposition of penalties for allegedly violating the Below Market Rate ("BMR") rental regulations, or (3) the City's enforcement of BMR rental regulations generally? When did Johnston first become aware of the challenged "enforcement"?

(2) *This question is directed to the Plaintiff and Cross-Defendant the City and County of San Francisco ("City"):* When were the BMR rental regulations enacted? Were the specific BMR rental regulation(s) applied in the City's action against Johnston amended since being enacted?

///

(3) *This question is directed to both parties:* Regarding the timeliness of Johnston's substantive due process claim, how do the facts of this case compare to those in *Thomas v. Cnty. of Humboldt*, California, No. 23-15847, 2024 WL 5242613 (9th Cir. Dec. 30, 2024)? When was a monetary penalty for allegedly violating the BMR rental regulations first imposed on Johnston? Did the City impose multiple penalties? If so, when were these penalties imposed?

(4) *This question is directed to Johnston*: Takings claims are divided into two categories: "facial" and "as-applied" challenges. A facial challenge involves "a claim that the mere enactment of a statute constitutes a taking," while an as-applied challenge involves "a claim that the particular impact of a government action on a specific piece of property requires the payment of just compensation." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993) *overruled on other grounds by Knick v. Township of Scott*, 588 U.S. 180 (2019) (citing *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 494 (1987)). As the *Keystone* Court noted, there is "an important distinction" between the two types of claims. *Levald*, 998 F.2d at 686. Among other things, each raises different ripeness and statute of limitations issues. *Id.* Is Johnston asserting a facial or as-applied regulatory takings claim? Is Johnston asserting both a *Penn Central* and *Lucas* regulatory taking? (Dkt. No. 18, p. 5.) "The *Lucas* rule applies "to regulations that completely deprive an owner of *all* economically beneficial us[e] of her property." *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 626 (9th Cir. 2020) (internal citation and quotation marks omitted) (emphasis in original). Is Johnston asserting that the City's enforcement of its BMR rental regulations completely deprive her of all economically beneficial use of her property?

(5) *This question is directed to Johnston*: Is the Court correct to construe Johnston's substantive due process claim as an as-applied challenge to the City's enforcement of its BMR rental regulations?

///

(6) *This question is directed to Johnston*: Regarding ripeness, as-applied takings and substantive due process claims are not ripe until a plaintiff receives a final decision regarding the application of the regulations to the property at issue. *Ballard v. City of W. Hollywood*, No. 24-538, 2025 WL 618110 (9th Cir. Feb. 26, 2025), *cert. denied sub nom. Ballard v. W. Hollywood, CA*, No. 25-68, 2025 WL 2824118 (U.S. Oct. 6, 2025) What "final decision" is Johnston alleging she received regarding the application of the BMR rental regulations to her property?

(7) *This question is directed to Johnston:* If the Court were to grant the motion to dismiss by the City, how would Johnston propose to amend her claims?

**IT IS SO ORDERED**.

Dated: November 5, 2025



SALLIE KIM
United States Magistrate Judge